IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | NO. 1:24-CR-0074 |
| | § | Judge Crone |
| PUTNAM DARWIN RICHARDSON | § | |

## FACTUAL BASIS

TO THE HONERABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by **Putnam Darwin Richardson (Richardson)**, defendant, and his counsel, Thomas Berg, and presents this factual basis in support of the defendant's plea of guilty to Counts One and Three of the indictment filed herein, and, in support thereof, would show the following:

1. **Richardson** stipulates and agrees to the truth of all matters set forth in this factual basis, and agrees that such admission may be used by the Court in support of his plea of guilty to Count One, alleging a violation of 18 U.S.C. § 1201(a)(1), kidnapping, and Count Three, alleging a violation of 18 U.S.C. § 924(c), brandishing a firearm during and in relation to a crime of violence.

2. **Richardson**, who is pleading guilty to such charges, is one and the same person charged in Counts One and Three of the indictment.

3. That the events described in the indictment occurred in the Eastern District of Texas.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, every essential element of the offenses alleged in Count One and Count Three of the indictment; specifically, the government would have proven the following stipulated facts:

5. On July 15, 2024, a kidnapping for ransom was reported to the FBI. The complainant reported M.S was kidnapped in the morning hours after M.S. had departed his residence to travel to his law office.

6. M.S. departed from his residence around 7:24 a.m. **Putnam Richardson (Richardson)** kidnapped M.S. outside the M.S.' law office that is in Beaumont, Texas. Beaumont, Texas is in the Eastern District of Texas. M.S.' vehicle was observed via a license plate reader in the vicinity of Laurel Avenue and North 10th Street at around 7:32 a.m.

7. M.S. was kidnapped when he arrived at work after 7:00 a.m. M.S. parked his vehicle and began to retrieve items from the backseat when **Richardson** brandished a firearm and putting it up against M.S.' back. **Richardson** told M.S., "Don't move or I will shoot you." M.S. instinctively turned around and observed a man in a ballcap, Halloween style mask and black gloves on his hands. **Richardson** then showed M.S. the thin handgun with a long silver barrel. **Richardson** tied M.S.'s hands behind his back and

led him into the front passenger seat of M.S.'s vehicle. M.S. was told to lean forward and look down to the floorboard of the vehicle. **Richardson** drove around the area to a parking lot where M.S. observed a sign with yellow markings and the word, "Vietnam." **Richardson** removed M.S. from the vehicle, placed a bag over his head, replaced the ties with handcuffs and placed him in the back of **Richardson's** vehicle. **Richardson** drove away from **Beaumont** heading East on I-10. They drove approximately 20-30 minutes when M.S. was able to peak out of the bottom of the head covering and observed a new hotel located near a known hospital in Orange, Texas located around Route 62. **Richardson** got off I-10 around this location.

8. After arriving at **Richardson's** residence, **Richardson** pulled the vehicle into a garage where M.S. observed a bicycle. **Richardson** led M.S. into a storage shed. Inside the shed M.S. described the floors as painted red with chains attached to the studs in the wall. M.S. was laid on the floor and tied up "spread eagle" while still blindfolded.

9. **Richardson** eventually brought M.S. a wicker type chair to sit on and built a commode out of wood. Throughout M.S.'s time in captivity he observed a light tan brick structure with green gutters located outside the entrance of the shed. The yard was well manicured with red mulch and various statues placed in the yard.

10. On July 15, 2024, at or around 9:22 a.m., M.S.' wife received an incoming phone call from M.S.' cell phone, during which time **Richardson** indicated M.S. was being held hostage. **Richardson** demanded $1,000,000.00 as ransom for M.S.' release and informed them that M.S. would die if M.S.' family did not do what **Richardson** instructed.

**Richardson** also instructed M.S.'s wife not to call the police. A cell phone is an instrumentality of interstate or foreign commerce.

11. A second call was received by M.S.' wife at or around 9:29 a.m. at which time **Richardson** indicated M.S.' vehicle had been left at the corner of 5th Street and Mcfaddin. M.S.' vehicle was later located at the Vietnam Veterans of America building located at 2115 McFaddin Avenue, Beaumont, Texas.

12. M.S.' wife received another phone call around 12:47 p.m., which went to voicemail. **Richardson** indicated in a voicemail that M.S.' wife would not be able to contact **Richardson** by calling the number back. **Richardson** was turning M.S.' cellular phone off when it was not in use.

13. On July 15, 2024, M.S. explained to **Richardson** that his wife would not be able to secure the money unless M.S. instructed her how to get the money. **Richardson** placed another call to M.S.' wife on July 15, 20024, around 6:50 p.m. When M.S.' wife answered the call, the phone was handed to M.S. who provided instructions to his wife on how to obtain the ransom money demanded by **Richardson**. M.S. relayed to his wife that based on what **Richardson** told him, M.S. believed **Richardson** would follow through with his threats if the demands were not met.

14. On July 16, 2024, M.S.' wife received a phone call at around 2:09 p.m. from **Richardson**. **Richardson** indicated M.S. was being held hostage because the victim had not "done his job" many years ago. After this phone call, the victim's law office began to look into information on old clients of M.S. and narrowed the possible subject to be

**Richardson**. M.S. represented **Richardson** in a kidnapping case in 1984 where **Richardson** was sentenced to 50-years in the Texas Department of Criminal Justice.

15.  Through investigative techniques employed by law enforcement, phone number 409-221-5385 (5385) was determined to have been close to M.S.' phone at the time of the kidnapping. Agents determined the subscriber for 5385 is **Richardson** who resided in Orange, Texas. Records revealed a silver 2020 Ford Edge with Texas license plate NMJ0949 was registered to **Richardson** at the same residence in Orange, Texas.

16.  On July 17, 2024, at around 2:32 p.m., surveillance units observed **Richardson** depart his residence in Orange, Texas with a passenger in the 2020 Ford Edge. Shortly thereafter, surveillance units observed **Richardson** stop at a gas station located in Orange, Texas.

17.  **Richardson** exited the vehicle to pump gas. Surveillance units observed M.S. in the front passenger seat with a bandage wrapped around his head and something white obstructing his vision. **Richardson** was subsequently arrested and placed into custody. M.S. was rescued unharmed.

18.  On July 18, 2024, agents executed a search warrant at **Richardson's** residence. Agents located the firearm that was used by **Richardson**. It was a .22 caliber Hi-Standard Model H-D Military firearm bearing serial number 278818. The agents also located the mask that **Richardson** wore when he kidnapped M.S. The shed floor where M.S. detained was painted red with chains attached to the studs in the wall as M.S. described.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this factual basis and the indictment, or have had them read to me, and have discussed them with my attorney. I fully understand the contents of this factual basis and agree without reservation that it accurately describes the events and my acts.

Dated: 11/20/24

PUTNAM DARWIN RICHARDSON
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

I have read this factual basis and the indictment, and have reviewed them with my client, **Putnam Darwin Richardson.** Based upon my discussions with **Putnam Darwin Richardson,** I am satisfied that my client understands the factual basis as well as the information and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 11/20/24

THOMAS BERG
Attorney for the Defendant

Dated: 11/20/24

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

_____
REYNALDO P. MORIN
Assistant United States Attorney
Texas Bar No. 00789504
550 Fannin Street, Suite 1250
Beaumont, Texas 77701-2237
(409) 839-2538
(409) 839-2550 (fax)
reynaldo.morin@usdoj.gov