**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1-24-CR-74(1) |
| | § | |
| PUTNAM DARWIN RICHARDSON | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Putnam Darwin Richardson's ("Richardson") *pro se* Motion for Reconsideration (#56), wherein he requests that the court reconsider its June 2, 2026, Order (#54) denying his March 23, 2026, Motion for Compassionate Release (#46). Having considered the motion, the record, and the applicable law, the court is of the opinion that the Motion for Reconsideration should be denied.

I. Background

On March 23, 2026, Richardson filed a *pro se* Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (#46). The Government filed a Response in Opposition (#48) on May 20, 2026. On June 2, 2026, the court dismissed, or in the alternative, denied the motion for failure to exhaust administrative remedies before seeking compassionate release. On June 25, 2026, Richardson filed a late Reply to the Governments's Response in Opposition (#55).[1] The reply contained an attached email purported to have been sent to the warden of his facility on May 28, 2026. Additionally, the May 28, 2026, email references a prior email that Richardson claims was sent to the warden in February 2026. No evidence of any February email has been provided.

[1] A reply must be filed "within seven days from the date the response is served." LOCAL RULE CR-47(b)(2). The court, however, "need not wait for the reply . . . before ruling on the motion." *Id.*

On July 17, 2026, Richardson filed the pending motion for reconsideration. Richardson is currently housed at Federal Correctional Institution Forrest City Medium ("FCI Forrest City Medium"), located in Forrest City, Arkansas. The court recently confirmed with the Bureau of Prisons ("BOP") that the BOP has no record of Richardson ever submitting a request for compassionate release or reduction in sentence to the warden of FCI Forrest City Medium or to any other BOP personnel.

II. Exhaustion of Administrative Remedies

A. Controlling Law

As the court stated in its June 2, 2026, Order, Section 3582(c)(1)(A)'s plain language makes it clear that the court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues."); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional, but that it *is* mandatory"). Accordingly, before seeking relief from the court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request. 18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338 ("[A]n inmate has two routes by which he may exhaust his administrative remedies. Both begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'" (quoting *Franco*, 973 F.3d at 467)).

The defendant bears the burden of proving that he has exhausted his administrative remedies before filing a motion for compassionate release. *United States v. Garcia-Martinez*, No. EP-24-CR-0764-DCG-1, 2025 WL 2427619, at *2 (E.D. Tex. Aug. 18, 2025); *accord United States v. DeJean*, No. 2:18-cr-120, 2025 WL 3687269, at *3 (E.D. La. Dec. 19, 2025); *United States v. Mahaffey*, No. 17-54-DLB-MAS-1, 2025 WL 1840598, at *2 (E.D. Ky. July 3, 2025); *United States v. Escobar*, No. 15-CR-150-2 (ARR), 2024 WL 2111573, at *2 (E.D. N.Y. May 10, 2024); *United States v. Avelar*, No. 3:16-cr-0351-B-2, 2022 WL 17096173, at *2 (N.D. Tex. Nov. 20, 2022); *United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1-2 (E.D. La. Aug. 19, 2022). Without evidence that the defendant requested compassionate release from the warden and that thirty days have passed since the warden received or denied the request, the defendant fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement. *Avelar*, 2022 WL 17096173, at *2 (finding the exhaustion requirement was not met when a defendant did not attach any proof that he requested relief from the warden of his facility or that the warden denied his request); *United States v. Walton,* No. 2:18-CR-204(18), 2022 WL 950351, at *1 (S.D. Ohio Mar. 30, 2022) (finding the exhaustion requirement was not satisfied where a prisoner provided a copy of a letter accompanied by a certified mail receipt but did not provide proof the warden received the letter); *United States v. Rangel-Sandoval*, No. 3:17-CR-0341-B-9, 2021 WL 2580502, at *2 (N.D. Tex. June 23, 2021) (finding the exhaustion requirement was not fulfilled when a defendant provided a copy of a request purportedly sent to the warden but did not provide proof the warden received it); *United States v. Knox*, No. 3:12-CR-0252-B, 2020 WL 4432852, at *2 (N.D. Tex. July 31, 2020) (finding the exhaustion requirement was not met where an inmate provided a copy of a letter in combination with a certified mail receipt but did not provide proof the warden

received the letter); *United States v. Sharer*, No. 3:14-CR-0367-B-18, 2020 WL 7695996, at *2 (N.D. Tex. Dec. 24, 2020) (finding the exhaustion requirement was not satisfied when a defendant provided an intra-prison email addressed to the warden but did not provide proof the warden received it).

The Fifth Circuit has clarified that in order to exhaust his administrative remedies, a defendant must show that the BOP received his request for compassionate release before the defendant filed his motion for compassionate release with the court. *See United States v. Garrett*, 15 F.4th 335, 339-40 (5th Cir. 2021). A defendant is "required 'to properly exhaust . . . *before* filing' the motion." *Id.* at 340 (quoting *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added)); *accord Franco*, 973 F.3d at 468 ("All requests for compassionate release must be presented to the [BOP] *before* they are litigated in the federal courts." *Franco*, 973 F.3d at 468 (emphasis added). The exhaustion requirement is not fulfilled if the defendant files his motion for compassionate release with the court before he submits a request to the warden even when he subsequently requests compassionate release from the warden and exhausts his administrative remedies before the court rules on his motion. Such a court filing is deemed premature. *See DeJean*, 2025 WL at *4 (citing *Garrett,* 15 F.4th at 339-40).

B. <u>Discussion</u>

In his current motion, Richardson contends that "[r]econsideration is warranted to prevent a procedural bar from defeating a meritorious claim supported by terminal illness." The court, however, is without authority to waive the exhaustion of administrative remedies or the 30-day waiting period. *Franco*, 973 F.3d at 468 ("Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the BOP."); *see United States*

*v. Harper*, No. 24-30275, 2024 WL 4664018, at *1 (5th Cir. Nov. 4, 2024) ("[B]ecause the Government properly raised the rule requiring exhaustion in the district court, 'the court *must* enforce the rule.'" (quoting *Franco*, 973 F.3d at 468)); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) ("[B]ecause this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate-release requests over others), we must enforce it."); *United States v. Gomez*, No. 2:17-cr-41-KS-MTP, 2025 WL 420531, at *2 (S.D. Miss. Feb. 6, 2025) ("Congress used clear language: all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts."); *United States v. York*, No. 17-00086-BAJ-RLB, 2024 WL 3771442, at *3 (M.D. La. Aug. 13, 2024) (recognizing that a court may not modify a term of imprisonment if a defendant has not filed a request with the BOP); *United States v. Garcia*, No. CR 2:18-1337, 2020 WL 3000528, at *3 (S.D. Tex. June 2, 2020) ("While the Court sympathizes with Defendant's plight, because he has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it."); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("[J]udge-made exhaustion doctrines . . . remain amenable to judge-made exceptions," whereas "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.").

Richardson has not satisfied his burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. First, there is insufficient evidence before the court that Richardson, in fact, submitted any request for compassionate release to the warden of FCI Forrest City Medium or to any other BOP personnel or that the warden received any such request. In his Motion for Compassionate Release filed on March 23, 2026,

(#54), Richardson claimed to have "submitted an electronic request for compassionate release/reduction in sentence" to the warden on March 12, 2026. Yet, Richardson still has not provided any evidence of a March request. After the court denied Richardson's Motion for Compassionate Release, Richardson filed a late reply and attached an email dated May 28, 2026, (#55) that he alleges he sent to the warden. There is no evidence, however, that the email was actually sent or ever received by the warden. The May 28, 2026, email references another purported request claimed to have been emailed to the warden in February 2026. Richardson has not provided any evidence of this February request. The email documentation provided, without proof of receipt by the warden, is not adequate evidence of exhaustion. *See Knox*, 2020 WL 4432852, at *2; *Rangel-Sandoval*, 2021 WL 2580502, at *2; *Sharer*, 2020 WL 7695996, at *2; *Walton*, 2022 WL 950351, at *1. In fact, BOP personnel confirmed that there is no record of Richardson's ever submitting a request for compassion release or reduction in sentence to the warden or to any other BOP personnel at FCI Forrest City Medium. Richardson, therefore, has not produced adequate evidence that he made a proper request before he filed his Motion for Compassionate Release on March 23, 2026. *See Garrett*, 15 F.4th at 339-40. Absent evidence of a verifiable request for compassionate release that was received by the warden of the facility where he is housed before he filed a motion for compassionate release, Richardson cannot prevail, as he did not exhaust his administrative remedies.

Second, even if the sole documentation of a request to the warden provided by Richardson—the May 28, 2026, email attached to the instant motion—was sufficient evidence of exhaustion, which it is not, a motion for reconsideration is not the proper vehicle for redress. The Fifth Circuit has determined that "[a]n intervening change in circumstance—such as exhausting

previously unexhausted administrative remedies—is not a proper basis for a motion for reconsideration." *Id.* at 339. Instead, a new motion for compassionate release would be proper. *Id.* at 340. Here, because the May 28, 2026, email is dated after Richardson filed his original Motion for Compassionate Release, there was no legal error in the court's June 2, 2026, Order. *See id.* at 339-40.

## III. Conclusion

In sum, the court remains without authority to consider Richardson's motion as there is no viable evidence that he has exhausted his administrative remedies before seeking compassionate release. For the foregoing reasons, Richardson's Motion for Reconsideration (#56) is DENIED.

SIGNED at Beaumont, Texas, this 24th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE